## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

**Case No.: _____**

**DR. MARIE MCCORMACK,**

     Plaintiff,

v.

**ROYAL CARRIBEAN CRUISES LTD.**
d/b/a **AZAMARA CLUB CRUISES**,
a corporation for profit,

     Defendant.
_____/

### COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, DR. MARIE MCCORMACK, hereby sues Defendant, ROYAL CARIBBEAN CRUISES LTD., trading and doing business as AZAMARA CLUB CRUISES, a for profit corporation, (hereinafter ROYAL CARIBBEAN) and alleges:

1.    This is an action for personal injuries under general maritime law seeking damages in excess of $75,000.00 (Seventy-Five Thousand Dollars), exclusive of costs, attorneys' fees and interest and is otherwise within the jurisdiction of this Court.

### THE PARTIES

2.    At all times material, Plaintiff, DR. MARIE MCCORMACK, was and is a resident of Fernley, Nevada, over the age of 18, and otherwise *sui juris*.

3.    At all times material, Defendant ROYAL CARIBBEAN was and is a for profit corporation with its worldwide headquarters, principle address and principle place of business at 1050 Caribbean Way, Miami, Florida, 33132.

*McCormack v. Royal Carribean*
*Complaint*

4.      At all times material, Defendant ROYAL CARIBBEAN was and is a common carrier engaged in the business of marketing, selling and operating a cruise line out of various ports within the continental United States, including Miami, Florida.  Defendant ROYAL CARIBBEAN derives substantial revenues from cruises originating and terminating in various ports in the State of Florida, including Miami-Dade, County, Florida.

5.      At all times material, ROYAL CARIBBEAN owned, managed, operated, maintained, supervised and/or controlled, or was the owner pro hac vice and/or charterer of the ocean-going passenger vessel known as the *Azamara Quest.*

## JURISDICTION AND VENUE

6.      Venue is proper in this District pursuant to 28 U.S.C. 1391(b) because the Defendant ROYAL CARIBBEAN is a foreign corporation with its principal place of business in Miami-Dade County, Florida.  Diversity of citizenship jurisdiction exists for this case under 28 U.S.C. §1332 because the Plaintiff resides in Nevada.

7.      This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Savings to Suitors Clause under 28 U.S.C. §1333, as Defendant ROYAL CARIBBEAN unilaterally inserts a forum selection clause into its cruise tickets that requires that all cruise-related suits brought by its passengers, "shall be litigated, if at all, in and before the United States District Court for the Southern District of Florida located in Miami-Dade County, Florida, U.S.A. . . . to the exclusion of the Courts of any other state, territory or country."

*McCormack v. Royal Carribean*
*Complaint*

8.      There is no time bar to this action since Plaintiff DR. MARIE MCCORMACK has timely filed this matter as the parties have a written agreement extending the running of the statute of limitations through May 1, 2015.

9.      Plaintiff DR. MARIE MCCORMACK has complied with all conditions precedent to the filing of this lawsuit.

## GENERAL ALLEGATIONS

10.      ROYAL CARIBBEAN invited the general public, including the Plaintiff DR. MARIE MCCORMACK, to become passengers aboard the vessel *Azamara Quest* in exchange for a monetary charge.

11.      On or about March 4, 2014, as fare paying passenger, the Plaintiff  DR. MARIE MCCORMACK boarded the *Azamara Quest* for a twelve day cruise which departed from Puerto Caldera, Costa Rica and concluded in Miami, Florida.

12.      Between March 4th and March 6th, crewmembers grilled and deep fried food at the outdoor pool grill.  On the evening of March 6, 2014,  additional portable grills and deep fryers were set up on the nearby teak deck where more food was grilled and deep fried.

13.      Defendant ROYAL CARIBBEAN, upon information and belief, and at all times material, had actual knowledge from prior experience that the grilling and deep frying of food at the outdoor pool grill caused an accumulation of greasy and oily fumes to coat the grill area and the surrounding tile floor surfaces causing them to become slick and slippery.

14.     Upon information and belief, ROYAL CARIBBEAN specifically chose not to clean the accumulated grease and oily fumes from the deck floor following the grilling and deep frying which took place on the evening of March 6, 2014, in order to conserve bunkered potable water while sailing through the Panama Canal.

15.     On or about the morning of March 7, 2104, the weather was humid and misty. The condensation from the weather, when combined with the accumulated grease and oily fumes, that the Defendant deliberately decided not to clean, caused the tile floor to become slick and slippery, creating a hazardous and dangerous condition.

16.     On or about March 7, 2014, Defendant ROYAL CARIBBEAN made coffee and breakfast available to its passengers, including the Plaintiff DR. MARIE MCCORMACK, on the Pool Deck near the outdoor grill.   The drink and food stations were set up in the same spot the portable grills and deep fryers had been the night before so that passengers exiting from the interior of the vessel had to cross over the tile floor to reach them.

17.     Defendant ROYAL CARIBBEAN knew or should have known through the exercise of reasonable care that its failure to clean accumulation of greasy and oily fumes from the deck floor created a hazardous and dangerous condition since, upon information and belief, a crewmember had slipped and fallen earlier that morning.

18.     Despite this earlier incident, Defendant ROYAL CARIBBEAN failed to clean the floor, put out caution signs, or otherwise take necessary steps to remedy or warn passengers of the

hazardous and dangerous condition which it not only created, but knew or should have about known through the exercise of reasonable care.

19.     At approximately 7:00 a.m. on or about March 7, 2014, the Plaintiff DR. MARIE MCCORMACK was walking on the Pool Deck near the outdoor grill to get breakfast from the stations set up by the Defendant ROYAL CARIBBEAN.

20.     The Plaintiff, MARIE MCCORMACK, was walking in a normal fashion, when suddenly and without warning, she slipped on the tile surface surrounding the outdoor grill.

21.     The dangerous nature of the deck was not open and obvious.  There were no warning signs present to alert the Plaintiff DR. MARIE MCCORMACK to the fact the deck was wet, slippery and/or slick.  Only after her fall did she realize that there was a foreign substance on the deck.

22.     Plaintiff's husband, along with other passengers and crewmembers who came to assist the Plaintiff DR. MARIE MCCORMACK, observed and felt the wet, slippery and slick condition of the floor.  They confirmed that this hazardous condition was not open or obvious and that there were no warning signs present.

23.     When medical assistance and the investigating officer arrived on the scene, the passengers who had come to assist the Plaintiff  DR. MARIE MCCORMACK and who had observed the hazardous condition were still present.  ROYAL CARIBBEAN had the opportunity to obtain their names and statements.

24.     As a result of the negligence of ROYAL CARIBBEAN, its vessel and/or crew, Plaintiff DR. MARIE MCCORMACK sustained serious, permanent and debilitating injuries to her shoulder that required extensive medical care.

## COUNT I – NEGLIGENCE

25.     Plaintiff realleges, adopts and incorporates by reference the allegations in paragraphs 1 through 24 as though originally stated herein.

26.     At all times material, ROYAL CARIBBEAN through its employees, servants, agents, and/or representatives acting within the course and scope of their employment, owed a duty to exercise reasonable care under the circumstances to its passengers, including the Plaintiff DR. MARIE MCCORMACK.

27.     The Defendant ROYAL CARIBBEAN's duty encompassed and included the duty to maintain and operate the *Azamara Quest* in a reasonable and safe manner, and to keep the floor surfaces free from slippery, hazardous and dangerous conditions which could cause injury to its passengers, including the Plaintiff DR. MARIE MCCORMACK.

28.     On or about March 7, 2014, ROYAL CARIBBEAN, through its employees, servants, agents and/or representatives acting within the course and scope of their employment, breached its duty to exercise reasonable care under the circumstances owed to the Plaintiff, DR. MARIE MCCORMACK, and was negligent and careless by committing the following acts and/or omissions including but not limited to:

a.      failing to properly maintain and keep the floors on the ship in a reasonably safe condition for its passengers;

     b.      failing to properly inspect and monitor the floors for wet, slippery, slick and/or other hazardous substances;

     c.      failing to properly and timely clean up, mop or otherwise eliminate wet, slippery, slick and/or other hazardous substances on the ship's floor;

     d.      creating a dangerous condition on the ship's floor;

     e.      failing to take reasonable care to keep the ship's floors from becoming slippery, slick and/or hazardous to passengers;

     f.      failing to warn the Plaintiff and other passengers of the wet, slippery, slick and/or hazardous condition of the floor when they knew or should have known of the existing hazard;

     g.      failing to discover in a timely manner the wet, slippery, slick and/or hazardous substance on the ship's floor;

     h.      failing to utilize reasonable and proper safety policies, procedures, protocols and practices to detect dangerous conditions on the ship's floors;

     i.      failing to properly train and instruct its employees/crewmembers to detect, report and remedy wet, slippery and other hazardous substances on the ship's floors;

     j.      failing to otherwise provide the Plaintiff and other passengers with a safe place to walk;

     k.      failing to comply with industry standards for the appropriate slip resistance and/or coefficient of friction for the public flooring aboard vessels;

     l.      other acts or omissions constituting a breach of the duty to use reasonable care under the circumstances which are revealed through discovery.

     29.     The Defendant ROYAL CARIBBEAN created and/or knew or should have known of the above-described conditions through the exercise of reasonable care.

     30.     As a direct and proximate result of the above described negligence and carelessness by ROYAL CARIBBEAN, the Plaintiff DR. MARIE MCCORMACK was injured in and about her body, including but not limited to her shoulder, suffered pain therefrom, suffered physical

*McCormack v. Royal Carribean*
*Complaint*

impairment and/or disability, mental anguish, the loss of capacity for the enjoyment of life, the aggravation of pre-existing conditions and inconvenience, loss of past earnings, loss of future earnings, and diminished earning capacity in the future.   All of said damages are permanent and continuing in nature.

31.     As a further direct and proximate result of ROYAL CARIBBEAN's negligence, the Plaintiff DR. MARIE MCCORMACK incurred medical expenses in the past and will continue to incur such expenses in the future.

**WHEREFORE**, Plaintiff DR. MARIE MCCORMACK demands judgment against Defendant ROYAL CARIBBEAN CRUISES, LTD d/b/a AZAMARA CLUB CRUISES for damages in excess of the minimal jurisdictional limits of this Court, as well as post-judgment interest to the extent allowed by law, attorney's fees and costs to the extent allowed by law and demands trial by jury of all issues so triable as of right.

Dated this **21st** day of **April , 2015**.

Respectfully submitted,


By:   /s/ Carol L. Finklehoffe
**CAROL L. FINKLEHOFFE** (FL Bar No.: 0015903)
LEESFIELD SCOLARO, P.A.
E-Mail: finklehoffe@leesfield.com
2350 South Dixie Highway
Miami, Florida 33133
Telephone: 305-854-4900
Facsimile:  305-854-8266
*Attorneys for Plaintiff Marie McCormack*